## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TERENCE McDANIEL, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 13-6583 (RBK) (AMD) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DONNA ZICKEFOOSE, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ROBERT B. KUGLER, U.S.D.J.

### I.    INTRODUCTION

Plaintiff is a federal prisoner currently incarcerated at F.C.I. Allenwood in White Deer, Pennsylvania.  He is proceeding *pro se* with a civil rights complaint filed pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein.  Thus, the Clerk will be ordered to file the complaint.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the following reasons the complaint will be permitted to proceed in part.

### II.    BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff names three defendants in his complaint:  (1) Donna Zickefoose – Warden F.C.I. Fort Dix; (2) Joseph Hawtin – Correctional Officer; and (3) Physician's Assistant Wilks.  Plaintiff was previously incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey.  On November 17, 2011,

1

plaintiff was awoken by Correctional Officer Joseph Hawtin in his cell. Hawtin ordered plaintiff's cellmate to leave but ordered plaintiff to stand against the wall.

Hawtin then conducted a pat-frisk search of plaintiff. He then turned plaintiff around, poked him in the chest and demanded to know where plaintiff had stashed a cellphone. Plaintiff responded that he had no cellphone and requested to go into the common area. Hawtin then pushed plaintiff in the chest causing him to fall backwards into the locker.

Plaintiff then turned to exit the cell but was tripped by Hawtin from behind. Hawtin then slammed the door continuously on plaintiff's leg as he was on the ground. Plaintiff then got up and was in severe pain as blood began to run down his leg.

Responding officers then arrived and Hawtin instructed them to "cut that guy off who's bleeding all over the place." Plaintiff was then placed in restraints by the officers. Physician Assistant Wilks was one of the responding officers and after observing the blood, took a T-shirt and tied it around plaintiff's leg to control the bleeding.

Plaintiff alleges that Hawtin is liable under an excessive force theory, Wilks is liable for deliberate indifference and Zickefoose is liable for being legally responsible for the welfare of plaintiff. He requests monetary damages against the defendants.

### III.    STANDARD OF REVIEW

A.  Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts

to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. *Bivens* Actions

*Bivens* is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk*, 323 F. App'x 144, 145 n. 1 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that *Bivens* held that a parallel right exists against federal officials); *see also Collins v. F.B.I.*, No. 10-3470, 2011 WL 1627025, at \*6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials' and thus the analysis established under one type of claim is applicable under the other.") (internal quotation marks and citations omitted).

## IV. DISCUSSION

### A. Claim Against Joseph Hawtin

Plaintiff is asserting an excessive force claim against Hawtin. For a prisoner to state an Eighth Amendment claim for the excessive use of force by a prison official, he must show that the force was not applied in a good-faith effort to maintain or restore discipline, but that it was maliciously and sadistically used to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

> In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (internal quotation marks and citation omitted).

The complaint states an excessive force claim against Hawtin. Indeed, the complaint alleges that Hawtin, pushed, then tripped and then slammed the door on plaintiff's leg all

4

purportedly without any provocation from plaintiff. Based on the allegations as set forth in the

complaint, this claim will be permitted to proceed past screening.

### B. Claim Against Wilks

Plaintiff is also asserting a deliberate indifference to his serious medical needs claim

against Physician Assistant Wilks. To state such a claim under the Eighth Amendment:

> a prisoner must demonstrate "(1) that defendants were deliberately
> indifferent to [his] medical needs and (2) that those needs were
> serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
> Deliberate indifference requires proof that the official "knows of
> and disregards an excessive risk to inmate health or safety."
> *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir.
> 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).
> We have found deliberate indifference where a prison official:
> "(1) knows of a prisoner's need for medical treatment but
> intentionally refuses to provide it; (2) delays necessary medical
> treatment based on a nonmedical reason; or (3) prevents a prisoner
> from receiving needed or recommended treatment." *Rouse*, 182
> F.3d at 197. Deference is given to prison medical authorities in the
> diagnosis and treatment of patients, and courts "disavow any
> attempt to second-guess the propriety or adequacy of a particular
> course of treatment. . . (which) remains a question of sound
> professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*,
> 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551
> F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or
> medical malpractice do not trigger constitutional protections.
> *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam). The Third Circuit has also

noted that deliberate indifference can be found "where the prison official persists in a course of

treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*,

505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A

medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is

so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See*

*Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v.*

*Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

Plaintiff fails to state a deliberate indifference claim against Wilks. Indeed, the only allegation in the complaint against Wilks is that upon seeing that plaintiff was bleeding, he took a T-shirt and tied it around plaintiff's leg to control the bleeding. Thus, in effect, Wilks was attempting to treat plaintiff's injury. Such allegations against Wilks fail to state that he was deliberately indifferent to plaintiff's serious medical needs. Accordingly, the claim against Wilks will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

C. Claim Against Donna Zickefoose

Finally, plaintiff claims that Zickefoose, as warden of F.C.I. Fort Dix, was legally responsible for the welfare of plaintiff while he was incarcerated at F.C.I. Fort Dix. Thus, plaintiff is attempting to assert that Zickefoose is liable based on a *respondeat superior* theory of liability.

"In order for liability to attach under [*Bivens*], a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights." *Fears v. Beard*, 532 F. App'x 78, 81 (3d Cir. 2013) (per curiam) (citing *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[L]iability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted). In this case, plaintiff's allegations against Zickefoose are solely based on a *respondeat superior* theory in her capacity as warden at F.C.I. Fort Dix. This is typically insufficient to state a *Bivens* claim against her. Plaintiff fails to allege any personal involvement or actual knowledge and

6

acquiescence on the part of Zickefoose.  Therefore, the claim against Zickefoose will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**V.     CONCLUSION**

For the foregoing reasons, the complaint will be permitted to proceed in part.  An appropriate order will be entered.

DATED:  5 - 19 - 2014

ROBERT B. KUGLER
United States District Judge

7