NOT FOR PUBLICATION (Doc. No. 7)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| TERENCE MCDANIEL, : | |
| : | |
| Plaintiff, : | Civil No. 13-6583 (RBK/AMD) |
| : | |
| v. : | **ORDER** |
| : | |
| DONNA ZICKEFOOSE et al., : | |
| : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court on the Motion for Default Judgment (Doc. No. 7) of Plaintiff Terence McDaniel ("Plaintiff"), and the Court having considered the moving papers; and

**IT APPEARING TO THE COURT** that Plaintiff filed a Complaint in this Court on October 31, 2013 (Doc. No. 1); and

**IT FURTHER APPEARING TO THE COURT** that in its May 21, 2014, Order (Doc. No. 4), the Court dismissed the claims in Plaintiff's Complaint against Defendants Donna Zickefoose and Wilks, and permitted the claim against Defendant Joseph Hawtin ("Hawtin") to proceed; and

**IT FURTHER APPEARING TO THE COURT** that on May 21, 2014, summons was issued as to Hawtin, in accordance with this Court's Order (Doc. No. 5); and

**IT FURTHER APPEARING TO THE COURT** that June 27, 2014, summons was returned executed as to Hawtin (Doc. No. 6), making his answer due on August 26, 2014; and

1

**IT FURTHER APPEARING TO THE COURT** that Hawtin has not filed any answer or responsive pleading in this matter to date; and

**IT FURTHER APPEARING TO THE COURT** that Plaintiff filed the present Motion for Default Judgment on September 18, 2014; and

**THE COURT NOTING** that a party in a civil action must answer, move, or otherwise respond to a complaint within twenty one days of being served a copy of the summons and the complaint.  Fed. R. Civ. P. 12(a)(1)(A)(i); and

**THE COURT NOTING FURTHER** that, should a party fail to file a timely responsive pleading, the plaintiff may move for default pursuant to Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); and

**THE COURT OBSERVING** that Plaintiff has not moved for default pursuant to Rule 55(a), and the docket does not reflect that the Clerk ever entered default in favor of Plaintiff in this matter; and

**THE COURT NOTING FURTHER** that entry of default by the Clerk under Rule 55(a) constitutes is generally a prerequisite for a subsequent default judgment under Rule 55(b).  See, e.g., 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 2682 (2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." (footnote omitted)); and

**THE COURT NOTING FURTHER** that in order for default judgment to be entered pursuant to Fed. R. Civ. P. 55(b)(2), the Court should consider whether: "(1) a denial would prejudice the plaintiff; (2) the defendant appeared to have a litigable defense; and (3) the

2

defendant's delay was caused by culpable conduct." Husain v. Casino Control Com'n, 265 Fed. App'x 130, 133 (3d Cir. 2008) (citing Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)); and

**THE COURT FINDING** that Plaintiff has failed to obtain the prerequisite entry of default from the Clerk pursuant to Rule 55(a); and

**THE COURT FINDING FURTHER** that there is no indication from Plaintiff's motion that he would suffer any prejudice from the denial of his motion, there is no indication whether defendant has a litigable defense, and there is no indication whether Hawtin's delay was caused by culpable conduct; and

**THE COURT FINDING FURTHER** that entry of default judgment would be inappropriate in light of the above findings;

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (Doc. No. 6) is **DENIED**.


Dated:   2/25/2015             s/ Robert B. Kugler
                               ROBERT B. KUGLER
                               United States District Judge