NOT FOR PUBLICATION                                                        (Doc. No. 15)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____

|  |  |  |
|---|---|---|
| TERENCE MCDANIEL | : | |
| | : | |
| Plaintiff, | : | Civil No. 13-6583 (RBK/AMD) |
| | : | |
| v. | : | |
| | : | **ORDER** |
| JOSEPH HAWTIN, | : | |
| | : | |
| Defendant. | : | |

_____  :

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court on Plaintiff Terence McDaniel's

("McDaniel") Motion for Default Judgment (Doc. No. 15) on his Eighth Amendment excessive

force claim against Defendant Joseph Hawtin ("Hawtin"); and

**IT APPEARING TO THE COURT THAT**

1. McDaniel, a federal prisoner, submitted for filing his civil complaint ("Complaint") and

   application to proceed *in forma pauperis* on October 31, 2013.  (See Doc. No. 1.)  In his

   Complaint, McDaniel alleged multiple claims against three defendants: (1) Donna

   Zickefoose—Warden F.C.I. Fort Dix,  (2) Joseph Hawtin—Correctional Officer

   ("Hawtin"), and (3) Physician's Assistant Wilks.  (See generally Compl.)  The Court

   granted McDaniel *in forma pauperis* status, screened the Complaint for sua sponte

   dismissal, and dismissed McDaniel's claims against Donna Zickefoose and Wilks.  (See

   Doc. Nos. 3–4.)  The Court permitted McDaniel's claim against Hawtin to proceed, and

directed service upon Hawtin.  (Doc. No. 4.)  The United States Marshal duly executed said service upon Hawtin on June 27, 2014.  (See Doc. No. 6.)

2. Although the Court's order directing service explicitly directed Hawtin to "file and serve a responsive pleading within the time specified by Fed. R. Civ. P. 12" pursuant to 42 U.S.C. § 1997(e)(g)(2), Hawtin has filed no responsive pleading in this matter.  (See generally Docket.)

3. On September 18, 2014, McDaniel moved for default judgment.  The Court denied the motion on account of McDaniel having failed to first request entry of default by the Clerk of the Court.  (See Doc. No. 8.)  McDaniel thereafter properly requested and obtained the Clerk's entry of default on June 22, 2015.  (Doc. No. 13.)  McDaniel again moves for default judgment against Hawtin.

4. The decision to grant or deny a motion for default judgment lies primarily with the district court.  See Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).  However, in determining whether entry of default judgment is appropriate, district courts must consider the Third Circuit's "well-established policy of disfavoring default judgments and encouraging decisions on the merits."  Husain v. Casino Control Comm'n, 265 Fed. App'x 130, 133 (3d Cir. 2008) (internal quotations omitted); see also Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008) ("We acknowledge that default judgments are generally disfavored in our circuit."); Hritz, 732 F.2d at 1181 ("We have repeatedly stated our preference that cases be disposed of on the merits whenever practicable.").

5. Here, the Court notes its grave concern with Hawtin's failure to file and serve a responsive pleading.  However, given the drastic remedy of default judgment, an in an

2

abundance of caution, the Court will direct service of this Order upon Hawtin and deny

McDaniel's motion without prejudice.

**IT IS THEREFORE ORDERED** that the Court's adjudication of McDaniel's motion

for default judgment is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that he United States Marshal shall serve a copy of the

Complaint (Doc. No. 1) and this Order upon Hawtin, pursuant to 28 U.S.C. § 1915(d);

**IT IS FURTHER ORDERED** that Hawtin shall file and serve his responsive pleading

within **sixty (60) days** from the date of entry of this Order.  Hawtin may not seek any extension

of time to file and serve his responsive pleading;

**IT IS FURTHER ORDERED** that in the event Hawtin fails to file and serve his

responsive pleading within sixty days from the date of entry of this Order, McDaniel shall file

with the Clerk his written statement informing the Court of Hawtin's failure and requesting

renewal of his motion for default judgment; [1] and

**IT IS FURTHER ORDERED** that the Clerk shall serve this Order upon McDaniel by

regular U.S. mail.


Dated: 03/16/2016                                        s/Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge

---

[1] The Court recognizes McDaniel's pro se status, and therefore, he need not file another formal motion seeking default judgment.  A letter in laymen's terms that apprises the Court as to whether Hawtin has or has not filed a responsive pleading will suffice.