IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Terence MCDANIEL, | : |
| Plaintiff, | : Civil No. 13-6583 (RBK/AMD) |
| v. | : |
| | : **OPINION** |
| Donna ZICKEFOOSE, *et al.*, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendant Joseph Hawtin's motion to dismiss for lack of prosecution on January 12, 2018. (ECF No. 65.) Months later, on March 29, 2018, Plaintiff has not responded to or otherwise opposed the motion. Defendant's motion is **GRANTED**.

## I. THE FACTS

Terence McDaniel, proceeding *pro se*, was formerly incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey. While there, he filed this action against several employees of the Federal Bureau of Prisons, alleging a number of constitutional violations. This Court, on May 19, 2014, dismissed all claims except McDaniel's excessive force claim against Correctional Officer Joseph Hawtin.

On July 17, 2017, the Court entered a scheduling order under which Plaintiff was required to submit his portion of the Joint Final Pretrial Order by August 11, 2017. (ECF No. 57.) Plaintiff responded with a letter raising a number of discovery issues, and in response the Court directed Defendant to respond to the letter, and to thereafter submit a Joint Final Pretrial Order by September 15, 2017. (ECF No. 59.) The Court's order warned that "failure to comply may result in dismissal of your case." (*Id.*) In compliance with this order, Defendant submitted a letter

1

addressing Plaintiff's discovery concerns and provided a draft Pretrial Order. (ECF No. 60.) Defendant also informed the Court that Plaintiff had not submitted any information to include. (*Id.*)

This was followed by another Scheduling Order on September 20, 2017, directing Plaintiff to submit his portions of the Joint Final Pretrial Order by October 6, 2017 and again warning that failure to comply could result in dismissal. (ECF No. 61.) On October 25, 2017, the Court entered a letter order stating the same. (ECF No. 62.) That letter was returned to the Court as undeliverable, although it was addressed to Plaintiff's listed address on the docket. (ECF No. 63.)

On December 12, 2017, this Court granted "one final extension until January 5, 2018" for Plaintiff to submit his portions of the Final Pretrial Order. (ECF No. 64.) The Court stated that "[i]f Plaintiff fails to cooperate with defense counsel in preparing his portion of the Order, Defendant is granted leave to file a motion to dismiss for failure to prosecute. Any such motion shall be filed by January 12, 2018." (*Id.*)

On January 12, 2018, Defendant filed this motion. No response has been forthcoming as to either the Joint Final Pretrial Order or the motion to dismiss.

## II.     DISCUSSION

A defendant may move for dismissal of an action for the plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b). The decision to dismiss is in the trial court's discretion. Before dismissing a case, courts in the Third Circuit normally examine the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Under *Poulis*, the Court must evaluate: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to respond; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or

in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868.

First, because Plaintiff proceeds *pro se*, he bears full responsibility for any delay. *Brisco v. Klaus*, 538 F.3d 252, 258-59; *Hamilton v. Trans Union, LLC*, No. 16-7974, 2017 WL 453339, at *2 (D.N.J. Aug. 29, 2017). "[I]t is logical to hold a *pro se* plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." *Briscoe*, 538 F.3d at 258-59.

Second, "the burden imposed by impeding a party's ability to prepare effectively for a full and complete trial strategy is sufficiently prejudicial" for purposes of the *Poulis* analysis. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Defendant has been prejudiced by the delay and Plaintiff's non-responsiveness. As to the third factor, Plaintiff has failed to respond to several court orders in succession, each warning that failure to comply could result in dismissal of his complaint. Although we cannot comment on whether Plaintiff has ignored these orders in bad faith, we must assume, as a *pro se* litigant in control of his own lawsuit and without evidence to the contrary, that he is at least willfully doing so.

With respect to sanctions other than dismissal, the fifth factor, other means of sanctions, such as the imposition of fees and costs, are often inappropriate. *Briscoe*, 528 F.3d at 263. *See also Emerson v. Thiel College*, 396 F.3d 184, 191 (3rd Cir. 2002) ("no effective alternative sanctions to dismissal" where plaintiff proceeded in forma pauperis and assessment of attorneys' fees not a serious consideration). Although we do attach much weight to this factor here, this nonetheless weighs in favor of dismissal.

Finally, the sixth *Poulis* factor weighs in favor of Plaintiff, as we accept the allegations in the amended complaint as true and have already found Plaintiff's complaint withstands 12(b)(6) dismissal under 28 U.S.C. § 1915A. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see also Briscoe*, 538 F.3d at 263. ("Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim.").

In weighing the factors, "no single *Poulis* factor is dispositive," *Ware*, 322 F.3d at 222, and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint," *Mindek*, 964 F.2d at 1373. Of the foregoing factors, only one weighs against dismissal—Plaintiff's claims should be deemed meritorious. But this is not enough. A case must move forward or else come to a conclusion. The *Poulis* factors weigh for dismissal. As Plaintiff seems to have abandoned the case, the Court sees no alternative to dismissal under Fed. R. Civ. P. 41(b).

This dismissal will serve as an adjudication on the merits. *See Landon v. Hunt*, 977 F.2d 829, 833 (3d Cir. 1992).

### III. CONCLUSION

For the reasons stated above, Defendant's motion is **GRANTED**.


Dated: March 29, 2018                              /s Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge